IN THE UNITED STATES DISTICT COURT
FOR THE EASTERN DISTICT OF ARKANSAS
EASTERN DIVISION

UNITED STATES OF AMERICA                                              PLAINTIFF

VS.                        CASE NO. 4:17CR-00111-026

CHRISTOPHER S. NEWMAN, JR.                                           DEFENDANT

### SENTENCING MEMORANDUM

Comes the Defendant, Christopher S. Newman, Jr., by his attorney, Jack R. Kearney, and regarding his Sentencing, states:

### INTRODUCTION

This case involves, so far as Mr. Newman is concerned, a very wide-ranging, low-level drug trafficking operation. It involves some 32 persons in a 67 count indictment. Mr. Newman was identified by a telephone tap of another target.

Mr. Newman pled guilty to Count 60 on November 21, 2017. In his plea agreement, he stipulated that his offense base level would be 18, with a two-level enhancement for possession of a weapon, and a two-level reduction for his early plea.

He is due to be sentenced on February 12, 2018.

### OFFENSE CONDUCT

Mr. Newman was a relatively low-level distributor of marijuana and cocaine, discovered through surveillance of others. Relevant factors are that:

A. He was not observed to have a weapon on his person, but was overheard boasting to having and supplying others with weapons by a wiretap;

B. He stipulated to at least 200 grams, and not more than 300 grams;

 C. His base offense is level 18, plus 2 levels for possession of weapons and a two-level reduction for acceptance of responsibility;

 D. He had one drug-related arrest in 2009 and one prior misdemeanor conviction; and

 E. Offenses listed in paragraph 31 of the PSIR have been disposed of, and Defendant owes no further obligation for them.

## CHARACTER AND HISTORY OF THE DEFENDANT AND THE APPLICATION OF 18 U.S.C. § 3553 FACTORS

Newman is prohibited from requesting a downward departure under his plea agreement. However, these are the factors to be considered under § 3553:

 A. Mr. Newman was born to a broken family—his parents never married, and his father left him in his mother's care when Newman was one-year old. His recollection of his father is that he would not visit him, or exercise custody, as a child. He lived with his mother and sisters with no male figure in the home.

 B. He began the use of marijuana at a young age, as might have been predicted given the environment he grew up in. To his credit, he appears to have overcome the alcohol and marijuana use on his own and in keeping with pretrial release orders.

 C. He asserts he has employment, though with a relative. He has a high school education, but appears to never really have been exposed to training, experiences, or environment different from what he was subjected to growing up.

## OTHER 18 U.S.C. § 3553(a) FACTORS

 A. Mr. Newman was clearly involved in this loosely composed conspiracy. He bought and sold relatively small amounts of cocaine and marijuana. He clearly should be considered to have played a minor or minimal role in the conspiracy.

B.  Though Mr. Newman stipulated that he possessed a weapon during the conspiracy, he appears to never have used a weapon during and in furtherance of a drug delivery.  The description of his boasting of having and using guns, together with the two-level enhancement for the same, overstates the harm provided by Mr. Newman's use of weapons.

C.  Mr. Newman's home life and upbringing as reflected in the PSIR, page 34, is the very definition of a hardship, which Mr. Newman should be credited for.

Taking Mr. Newman's conduct into consideration herein, his character and history of hardship, Defendant requests the Court depart from a guideline sentence to a statutory one.

Given his background and potential for rehabilitation, Defendant requests he be sentenced to between probation and one (1) year incarceration and two years' supervised release.

Respectfully submitted,

/s/ Jack R. Kearney
Jack R. Kearney, #77194
KEARNEY LAW OFFICE
300 S. Spring Street, Suite 420
Little Rock, AR  72201
Phone: (501) 376-6511
Fax:  (501) 370-9656
Email: jack.kearney@att.net

**CERTIFICATE OF SERVICE**

On this 12th day of February, 2018, I, Jack R. Kearney, do hereby certify that a true copy of the above and foregoing has been sent via CM/ECF filing method to the following attorneys of record:

| | |
|---|---|
| Benecia Betton Moore<br>Assistant U.S. Attorney<br>P.O. Box 1229<br>Little Rock, AR  72201 | Allison Wadrip Bragg<br>Assistant U.S. Attorney<br>P.O. Box 1229<br>Little Rock, AR  72201 |

<u>/s/ Jack R. Kearney</u>